UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LEBLANC,

    Plaintiff,

v.    Case No. 15-12127

PAMELA LIGHTVOET,    HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER
## DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING

I. Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, proceeding pro se, has filed an application to proceed without prepayment of costs and fees and affidavit. As will be explained, from a review of the complaint and plaintiff's litigation history in the federal courts, he is not entitled to proceed without prepayment of the fees. As such, for the reasons that follow, plaintiff's application to proceed without prepayment of fees and costs will be denied and the complaint will be dismissed under 28 U.S.C. § 1915(g).

II. Analysis

A prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a district court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. Id.; see also Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

Plaintiff has been a prolific litigator in federal court. District court records show that plaintiff has filed at least five prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. See LeBlanc v. Moody, No. 2:15-cv-10469 (E.D. Mich. Feb. 18, 2015)(Murphy, J.); LeBlanc v. Schuette, No. 2:15-cv-10555 (E.D. Mich. Feb. 17, 2015)(Friedman, J.); LeBlanc v. Kalamazoo County Sheriff, No. 1:14-cv-305 (W.D. Mich. July 29, 2014); LeBlanc v.State of Michigan, No. 1:14-cv-552 (W.D. Mich. June 19, 2014); LeBlanc v. Kalamazoo County Government, No. 1:14-cv-308 (W.D. Mich. May 21, 2014); LeBlanc v. State of Michigan, No. 1:14-cv-237 (W.D. Mich. March 26, 2014). Plaintiff also a prior complaint that was dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) on the ground that plaintiff was attempting to obtain monetary damages on a criminal conviction that had yet to be reversed or vacated. LeBlanc v. Macomb Regional

Facility, No. 2:15-cv-10482 (E.D. Mich. Feb. 13, 2015)(Tarnow, J.).[1] Plaintiff has also been denied leave to proceed in forma pauperis under 28 U.S.C. § 1915(g), the "three-strikes" rule, based on these prior dismissals. See LeBlanc v. Romanowksi, No. 2:15-cv-10483 (E.D. Mich. March 2, 2015) (Leitman, J.).

It is clear that plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception, a prisoner must allege that the threat or prison condition is 'real and proximate' and that the danger of serious physical injury must exist at the time the complaint is filed. See Rittner v. Kinder, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

Plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding in forma pauperis in light of his six prior frivolity dismissals. Mulazim v. Michigan Dept. of Corrections, 28 F. App'x 470, 472 (6th Cir. 2002)(unpublished). As best as can be gleaned from the complaint, plaintiff claims that defendant, Judge Pamela Lightvoet, created a fraudulent judgment of sentence which lead to his wrongful conviction and incarceration. Plaintiff's challenges to the processes that lead to his criminal conviction

---

[1] A dismissal of a civil rights complaint, with or without prejudice, pursuant to Heck v. Humphrey counts as a strike, for purposes of § 1915(g), "because when the complaint was filed it failed to state a claim upon which relief could be granted." See Pointer v. Wilkinson, 502 F.3d 369, 373, n. 4 (6th Cir. 2007).

"do not raise the danger of physical harm" so as to come within the imminent danger exception for § 1915(g).

### III. Conclusion

For the reasons stated above, plaintiff's application to proceed without prepayment of fees or costs is DENIED. The complaint is DISMISSED under 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new complaint with payment of the $350.00 filing fee. The Court notes that any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed pursuant to 28 U.S.C. § 1915A(b), which requires the Court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."

Finally, the Court CERTIFIES that any appeal from this order would be frivolous and, therefore, cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 19, 2015
Detroit, Michigan